UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

GEORGE PALAZZOLO,                     :

                    Plaintiff,        :        12 Civ. 1617 (BSJ)(HBP)

     -against-                        :        OPINION
                                               AND ORDER
CORRECTION OFFICER MITCHELL,          :
et al.,
                                      :

                    Defendants.       :

----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/1/13

          PITMAN, United States Magistrate Judge:

          By notice of motion dated February 24, 2012 (Docket

Item 3), plaintiff seeks to have his case added to the list of

cases considered by the Court's Pro Bono Panel.[1]  For the reasons

set forth below, the motion is granted.

          The factors to be considered in ruling on a motion for

pro bono counsel are well settled and include "the merits of

plaintiff's case, the plaintiff's ability to pay for private

_____

          [1]In a civil case, such as this, the Court cannot actually
"appoint" counsel for a litigant.  Rather, in appropriate cases,
the Court submits the case to a panel of volunteer attorneys.
The members of the panel consider the case, and each decides
whether he or she will volunteer to represent the plaintiff.  If
no panel member agrees to represent the plaintiff, there is
nothing more the Court can do.  See generally Mallard v. United
States District Court, 490 U.S. 296 (1989).  Thus, even in cases
where the Court finds it is appropriate to request volunteer
counsel, there is no guarantee that counsel will actually
volunteer to represent plaintiff.

counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Of these, "[t]he factor which command[s] the most attention [is] the merits." Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003).  As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention.  Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has
>
> stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim.  In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether

> the pro se litigant's "position seems likely to be of
> substance," or showed "some chance of success."  Hodge,
> 802 F.2d at 60-61 (internal quotation marks and cita-
> tion omitted).  In Cooper v. A. Sargenti Co., [the
> court] reiterated the importance of requiring indigent
> litigants seeking appointed counsel "to first pass the
> test of likely merit."  877 F.2d 170, 173 (2d Cir.
> 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204

(2d Cir. 2003).

This is an excessive force case arising out of an

altercation that took place while plaintiff was in the custody of

the New York City Department of Corrections and incarcerated at

the Manhattan Detention Center.  The complaint alleges the

following facts:

> I was at ticket court for a minor ticket[.]
> [W]hen I was done[,] a female officer named Crawley
> came to escort me back to the housing area.  Right away
> she started going on about my sneakers[.]  [S]he said
> they were red you can't have red.  I said no the[y're]
> maroon not red.  [T]he I said besides that the[y're]
> PUMA'S[,] I had them in two jails before this one and
> they said nothing.  [T]hat's when she started using
> words like cracker, white trash and nazi to me for no
> reason.  She took me back to the ticket area[,] where
> she had some words with officer Mitchell[,] [w]ho then
> told me he wanted to talk to me.  But then he said
> let's go into the gym.  I didn't know it at the time,
> but [there are] no cameras in the gym.  He put his
> hands up in a fighting stance and so did I[,] just so I
> wouldn't get hit in the face.  But [I] never saw what
> was coming up behind me.  [T]he two John Doe officer[s]
> were coming up behind me and they both hit me at the
> same time in the head, knocking me down then the four
> of them began kicking me [including] the female correc-
> tion officer Crawley.  [T]hey were kicking me in the
> face, head, and body very hard[;] there was a lot of

> blood.  I was out cold.  Then the EMT'S came and
> dragged me out of the gym full of blood.  No one else
> saw what happened.

(Complaint at 3).  Plaintiff's complaint goes on to state that

plaintiff's injuries included several broken ribs, a broken nose

and that three of plaintiff's teeth were knocked out (Complaint

at 3).  Annexed to the complaint are medical records confirming

that plaintiff suffered broken ribs and a broken nose and that

plaintiff was hospitalized for four days as a result of the

altercation.  Plaintiff signed the complaint under penalty of

perjury and declaring it to be true and correct, thereby giving

it the probative weight of an affidavit.  See 28 U.S.C. § 1746.

The case is a close one.  Although the medical records

confirm that a serious altercation took place, plaintiff clearly

must show more than that to prevail, namely that the force used

was excessive and unjustified.  The only evidence on that issue

consists of plaintiff's own statements, made under penalty of

perjury.  Although the answer generally denies the allegations in

the complaint and alleges that any force used was justified, it

provides no specifics.

Given the seriousness of the injuries that plaintiff

suffered, I conclude that he has shown sufficient merit to have

his case added to the list of cases considered by the Pro Bono

Panel.  Although it is not for me to decide the ultimate merits

of plaintiff's allegations, the seriousness of plaintiff's

injuries suggests that this matter involves more than a minor

scuffle, a few punches or an aggressive take down of an inmate by

a group of corrections officers.  In reaching this conclusion, I

emphasize that I am not making any finding of any wrongdoing by

anyone.  All I am concluding is that at this early stage, plain-

tiff has shown enough potential merit to have his case considered

by the Court's Pro Bono Panel.

          Accordingly, plaintiff's motion is granted and the

Court's Pro Se Clerk is directed to add plaintiff's case to the

list of cases considered by the Court's Pro Bono Panel.

Dated:  New York, New York
        February 1, 2013

                              SO ORDERED

                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

Mr. George Palazzolo
DIN 12-A-0751
Attica Correctional Facility
P.O. Box 149
Attica, New York  14011-0149

Aimee K. Lulich, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York  10007